Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
NARGIS PARWANI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARGIS PARWANI<br><br>  Plaintiff,<br><br>  v.<br><br>COLLECTION BUREAU OF AMERICA<br><br>  Defendant. | Case No. 16CV1349 H    RBB<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff NARGIS PARWANI alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff NARGIS PARWANI (hereinafter referred to as "Plaintiff"), brings this lawsuit against COLLECTION BUREAU OF AMERICA (hereinafter "CBA") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), and the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA").

2. Plaintiff seeks actual damages, statutory damages, attorneys' fees and

costs, and other relief the Court deems appropriate.

## II.
## PARTIES

3.     Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

4.     Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692a(3) and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

5.     Plaintiff is informed and believes, and thereupon alleges, that Defendant CBA is, and at all times mentioned herein was, a corporation, who was conducting and engaging in business in the County of San Diego, California.

6.     Plaintiff is informed and believes, and thereupon alleges, that Defendant CBA uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. section 1692a(6).

7.     Plaintiff is informed and believes, and thereupon alleges that Defendant CBA is a debt collector as defined under Civil Code section 1788.2(c).

8.     Defendant CBA attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

9.     Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner

of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## III.
## JURISDICTION AND VENUE

10. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

11. This action arises out of violations of the FDCPA and Rosenthal FDCPA. Personal jurisdiction is established, because Defendant CBA does business within the State of California, County of San Diego,

12. Venue is proper pursuant to 28 U.S.C. section 1391.

## IV.
## RELEVANT FACTS

13. Sometime after January 28, 2016, Plaintiff received her first collection notice, dated January 28, 2016, (hereinafter referred to as "Validation Notice") from Defendant. The Validation Notice stated that the total debt was $407.32 and that the debt was owed to "DS SERVICES." No breakdown was provided. The back of the Validation Notice stated in part:

> "Interest may accrue at a rate allowable by laws. That amount may make the total balance due vary from day to day. The amount due on the day you pay may be greater than the amount listed on the front side of this notice."

A copy of the Validation Notice is attached hereto as **Exhibit 1**, and is incorporated

herein by reference.

14.     On or about February 8, 2016, Plaintiff sent a letter disputing the debt, and requesting a verification of the debt.  A copy of Plaintiff's February 8, 2016 letter is attached hereto as **Exhibit 2**, and is incorporated herein by reference.

15.     Sometime after March 14, 2016, Plaintiff received a second collection notice from Defendant CBA, this time attempting to collect $409.48.  According to the collection notice, the principle balance of the debt was $236.79, interest was $2.69, and equipment charge was $170.00.  Although the collection notice stated "Account Verification", no verification of the debt was provided by Defendant CBA. A copy of Defendant CBA's March 14, 2016 collection is attached hereto as **Exhibit 3**, and is incorporated herein by reference.

16.      On or about March 24, 2016, Plaintiff's counsel sent a letter to Defendant CBA disputing the debt and requested a verification of the debt.

17.     Sometime after April 5, 2016, Plaintiff's counsel received a letter from Defendant CBA, which indicated that the debt increased to $410.53.  According to the collection notice, the principle balance of the debt was $174.74, accrued interest was $3.71, collection costs was $62.05, and equipment charge was $170.00.

18.     On or about April 11, 2016, Plaintiff's counsel sent a letter to CBA and requested all documents allowing Defendant CBA to charge for "collection costs."

19.     On April 25, 2016, Defendant CBA sent, via fax, copies of invoices from the creditor DS Waters. However, the documents CBA sent via fax did not include an

agreement or contract allowing CBA to charge collection costs.

20. On April 27, 2016, Plaintiff's counsel again requested all documents allowing Defendant CBA to charge collection costs.

21. On April 29, 2016, Plaintiff's counsel received a letter from Defendant CBA. The letter included a copy of one page agreement with the creditor DS Waters entitled "DS WATERS OF AMERICA INC. VALUE PLAN" (hereinafter referred to as "Purported Agreement"). This Purported Agreement was neither signed nor initialed by the Plaintiff.

22. On May 5, 2016, Plaintiff's counsel sent a letter to Defendant CBA informing it that the Purported Agreement was neither signed nor initialed by the Plaintiff. Plaintiff's counsel requested that Defendant CBA provide him with a copy of an agreement that was signed by Plaintiff within seven days or else he [Plaintiff's counsel] would assume that no such documents exists. To this date, Defendant CBA failed to provide the requested information.

## V.
## FIRST CAUSE OF ACTION
### (Violation of the FDCPA against Defendant CBA)

23. Plaintiff re-alleges paragraphs 1 through 22, above, as if fully set forth herein.

### COUNT 1

24. Defendant violated 15 U.S.C. sections 1692f and 1692(f)(1) because it charged collection costs when it was not legally entitled to collect such costs.

**COUNT 2**

25.     Defendant CBA violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) by attempting to collect more money from Plaintiff than what Plaintiff allegedly owed.  Specifically, Defendant added collection costs to the principal amount of the debt when in fact it was not entitled to such amount.

**COUNT 3**

26.     The back page of the Validation Notice stated in part that "interest *may* accrue…..." The Validation Notice violates 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692g(a) because it refers to the possibility of interest accruing without stating whether interest is in fact accruing.  This information is easily available to Defendant CBA as they know whether or not it actually charges interest.  The least sophisticated debtor would wonder whether or not the debt is subject to daily interest.

**COUNT 4**

27.     The Validation Notice violates 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) because the Validation Notice failed to provide how the balance had been calculated, whether it included interest, or whether interest continued to accrue.  Although the notice indicated that interest "may accrue" it did not state that interest was in fact accruing.  The word "may" could mean that interest is accruing or interest is not accruing.  As such, the least sophisticated debtor in Plaintiff's position can read the Validation Notice in at least two different ways.  By way of example, the least

sophisticated debtor could determine that the total, here $407.32, was a fixed amount that would not be subject to further interest. Or, the least sophisticated debtor could determine that the total, here $407.32, would increase over time as interest accrued. One of those meanings could be incorrect. Accordingly, without specifically stating that the debt is subject to interest, the notice is misleading and violates 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10).

**COUNT 5**

28. Defendant CBA violated 15 U.S.C. sections 1692e, 1692e(10), and 1692g(a) because the Validation Notice failed to clearly state the name of creditor. The Validation Notice indicated that the name of the creditor is "DS SERVICES" when in fact it is not. For example, the Purported Agreement Defendant CBA claims Plaintiff entered into identifies the creditor as "DS WATERS OF AMERICA, INC." not "DS SERVICES."

29. Even if "DS SERVICES" was the creditor, Defendant still violated 15 U.S.C. sections 1692e, 1692e(10), and 1692g(a) because it failed to fully and accurately identify the name of the creditor. There are several entities with the name of DS SERVICES. For example, DS SERVICES LLC, DS SERVICES OF AMERICA INC., or DS SERVICES HOLDINGS, INC. It is unclear to which of these entities the debt is allegedly owed to.

30. As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 5, Plaintiff has suffered actual damages and harm resulting from

Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

31. As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 5, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

32. As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 5, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## VI.
## SECOND CAUSE OF ACTION
**(Violation of the Rosenthal FDCPA against Defendant CBA)**

33. Plaintiffs re-allege paragraphs 1 through 32, above, as if fully set forth herein.

34. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

35. Defendants violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(10), 1692(f), 1692(f)(1) and 1692g(a).

36. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

37. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

38. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## VIII.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

Respectfully Submitted,

DATED: June 3, 2016    **MASHIRI LAW FIRM**
A Professional Corporation

By: /s/ Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
NARGIS PARWANI