Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
NARGIS PARWANI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARGIS PARWANI | Case No. 16-CV-01349-H-RBB |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT *EX PARTE* REQUEST FOR AN ATTORNEYS-ONLY TELEPHONIC APPEARANCE AT THE EARLY NEUTRAL EVALUATION ("ENE") CONFERENCE AND/OR REQUEST TO CONTINUE THE ENE** |
| v. | |
| COLLECTION BUREAU OF AMERICA | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Nargis Parwani ("Plaintiff") respectfully opposes Defendant Collection Bureau of America's ("Defendant") ex parte request to have an attorneys-only telephonic appearance at the Early Neutral Evaluation Conference ("ENE") or in the alternative to continue the ENE.

## II.  ARGUMENT

**A.  Defendant's Request Should Be Denied Because It Failed to Comply With Civil Local Rule 83.3g(2)**

Defendant's Ex Part motion should be denied because Defendant failed to comply with Civil Local Rule 83.3.g(2)

Civil Local Rule 83.3g(2) state the following:

> A motion for an order must not be made ex parte unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

Defendant failed to comply with this rule.

**B.  Defendant's Request Should Be Denied Because It Failed To Show Good Cause For A Attorneys-Only Telephonic Conference**

On July 21, 2016, this Court issued a Notice and Order For Early Neutral Evaluation Conference ("Order). *See* Doc. No. 10.  The Order specifically stated that personal appearance of the attorneys and parties are required.  *See* Doc. No. 10 at p. 1:21-2:20.

Keeping in mind the following principles, Plaintiff opposes Defendant's request:

"The purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties by the candid input of a neutral, disinterested judicial officer." *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485 (D. Ariz. 2003).

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

"[C]ourt-ordered settlement conference are serious attempts to settle claims …". *Dunaway v. Estate of Aiken*, 2011 U.S. Dist. LEXIS 155606, at *2 (S.D. Ind. Dec. 14, 2011). Courts generally have concluded that, "For settlement conferences to be productive and worthwhile, . . . settlement negotiations must take place in the physical presence of the parties and qualified representatives from both sides." *Pitman*, 216 F.R.D. at 486; *accord*, *e.g.*, *Dunaway*, 2011 U.S. Dist. LEXIS 155606 at *2 (observing that judicial settlement conferences "are intended to convey information helpful and important to the ultimate decision makers . . . [and that] orders, therefore, require people with actual authority to settle the case to be present in person and to actively participate").  "It is often true that as a result of [settlement conference] presentations, the clients' positions soften to the extent that meaningful negotiation, previously not seriously entertained, becomes possible. This dynamic is not possible if the only person with authority to negotiate is located away from the courthouse and can be reached only by telephone." *Dvorak v. Shibata*, 123 F.R.D. 608, 609 (D. Neb. 1988).

In *Oakwood Apts., LLC v. KPC Props.*, 2014 U.S. Dist. LEXIS 80470, at **9-10 (Mid. Dist. N.C. 2014), the court denied the defendant's motion for telephonic appearance at the settlement conference, wherein the defendant asserted—without any supporting evidence—that the representative would bear "significant travel expenses" and "hardship".  On these points, the court ruled, "[T]he Court will not grant the requested relief based on bald, unsupported assertions of burden." *See also*, *Feura v.*

*Synchrony Bank*, 3:16-cv-00642-AJB-BLM, Dckt. No. 9, p. 2:12-16 ["Because out-of-state travel (from Kansas) and missing a day of work in the office does not constitute good cause in this case, and because the Court believes that settlement discussions will be more fruitful if all the parties appear in person, Defendant's motion is DENIED."]; *Youssofi v. Simple Payments Corp*, 3:16-cv-00828-BAS-WVG, Dckt. No. 14 at p. 3:14-23 [same].

Plaintiff therefore opposes Defendant's request on the following grounds:

**First**, the parties must presume that this Court already believes that the personal appearance of a representative and their attorneys help the settlement of cases, or otherwise it would not have emboldened the words "in person" in its Order and would have stated in its Order that all parties and their attorneys can appear telephonically. Nor would the court have adopted the whole ENE procedure in their local rules.

Clearly, then, this Court takes the position that when a representative and their attorneys appear personally at the ENE, the chances of settlement would increase, resulting in reduced costs, rather than increased costs. Having the decision-maker present in person will put this Court in a better position to interact with the representative face-to-face and understand his position, and use that knowledge to gently persuade the parties of the risks of further litigation. This might be harder to do if the attorneys and representative appear telephonically.

In short, the benefit of the in person conference, is actually more beneficial

because it would lead to a quick settlement and reduced costs for both parties. As such, there is no good cause to conduct an attorneys-only telephonic ENE.

**Second,** travel expenses and costs are not enough to excuse the parties from attending the ENE personally. *See Feura v. Synchrony Bank*, 3:16-cv-00642-AJB-BLM, Dckt. No. 9, p. 2:12-16 [Denying Defendant's Request for representative, who was located in Kansas, to appear telephonically at the ENE]; *Youssofi v. Simple Payments Corp*, 3:16-cv-00828-BAS-WVG, Dckt. No. 14 at p. 3:14-23 [Denying Defendant's Request for representative, who was located in Colorado, to appear telephonically at the ENE].

As to Defendant's costs argument, Plaintiff's counsel is dubious of such an argument when it appears that many defendants become more serious about settling a matter when increasing costs are present. As a matter of fact, in Plaintiff counsel's experience, an ENE is a lot more productive when the representative is personally present. That way, the parties treat the ENE more seriously which increases the chance of getting the case settled without incurring additionally fees and costs should the case proceed to litigation.

Moreover, Defendant is not even located out of state and provides absolutely no evidence, by way of declaration or otherwise, that it would incur excessive traveling costs. Such factually unsupported argument should be rejected and Defendant's request should be denied.

**Third**, Defendant undertakes the deliberate actions of contacting San Diego residents on a regular basis as part of its normal course of business activities. If Defendant does not want to attend court proceedings in San Diego then Defendant should not direct its business operations and activities towards residents of San Diego. If a party can simply be excused from having to travel from one city to another, then every defendant located out of San Diego, can make that simple argument, which would render the entire ENE process superfluous. As such, there is no good cause to conduct an attorneys-only telephonic ENE.

**Finally**, the Court issued its order on July 21, 2016, and Defendant and its counsel waited until August 9, 2016, approximately 19 days after the Order was issued, to make their first attempt to lodge this request to Plaintiff's counsel after Plaintiff, Plaintiff's counsel, and the Court have all already planned their calendars around attending the conference in person merely one week away. Therefore, good cause is not shown for holding an attorneys-only telephonic conference.

## C.     **Defendant's Request to Continue the ENE Should Be Denied**

Defendant's request to have the ENE continued should be denied. Defendant's representative should have planned his/her calendar accordingly, to assure personal attendance at the ENE. Defendant has been sued several times in the Southern District Court of California and should know by now that personal attendance at an ENE is a requirement in this District.

Even if Defendant is not familiar with this District's ENE procedure, Defendant was put on notice and therefore should have known, at least since July 21, 2016 (approx. 19 days ago), that this Court would require the personal attendance of a representative. Again, Defendant's representative should have planned his or her calendar accordingly to accommodate the Court's schedule.

The fact that the representative work/business schedule may be disruptive is not an excuse, let alone an extraordinary circumstance, to be excused from personally attending the ENE. Everyone, including Plaintiff's attorney and the Court, have a busy work schedule, but we, including the magistrate judge, still manage to personally attend the ENE.

If a party can simply be excused from personal attendance because the ENE would interrupt that party's work schedule, then everyone can simple make that argument, which would render the entire ENE process superfluous.

### III.   CONCLUSION

Accordingly, Plaintiff requests that this Court deny Defendant's ex parte request in its entirety.

Respectfully Submitted,

DATED:   August 9, 2016          **MASHIRI LAW FIRM**
                                 A Professional Corporation

                                 By: /s/ Alex Asil Mashiri
                                 Alex Asil Mashiri
                                 Attorney for Plaintiff
                                 Nargis Parwani