J. Grace Felipe (SBN 190893)
Felipeg@cmtlaw.com
Shawn Eldridge (SBN 276581)
Eldridges@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
*COLLECTION BUREAU OF AMERICA*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARGIS PARWANI, | CASE NO. 3:16-cv-01349-H-RBB |
| Plaintiff, | DECLARATION OF SHAWN ELDRIDGE IN REPLY TO PLAINTIFF'S OPPOSITION AND IN SUPPORT OF DEFENDANT'S EX PARTE MOTION REQUESTING ATTORNEYS- ONLY TELEPHONIC APPEARANCE FOR COLLECTION BUREAU OF AMERICA AT THE EARLY NEUTRAL EVALUATION ("ENE") CONFERENCE AND/OR REQUEST TO CONTINUE THE ENE |
| vs. | |
| COLLECTION BUREAU OF AMERICA, | |
| Defendant. | |

I, Shawn Eldridge, declare as follows:

1. I am an attorney at law, duly licensed and admitted to practice law before the United States District Court for the Southern District of California. I am a member of Carlson & Messer LLP, attorneys of record for COLLECTION BUREAU OF AMERICA ("Defendant") in this case. I have personal knowledge of the facts set forth within this Declaration and if called as a witness I could and would competently testify

{00053099;1}

1

Ex Parte Declaration

to these facts. Please take notice that J. Grace Felipe hereby enters her appearance as counsel of record on behalf of Defendant, COLLECTION BUREAU OF AMERICA.

2. On August 9, 2016, after it was clear the case would not come to an immediate resolution, I spoke with Opposing Counsel Alex Mashiri regarding a Joint Motion for a telephonic attorneys-only Early Neutral Evaluation Conference. Mr. Mashiri declined to join the Motion and I informed him of our intention to move for a telephonic attorneys-only Early Neutral Evaluation Conference. Mr. Mashiri expressed he would oppose such Motion.

3. This case solely involves alleged violations of the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and the Fair Debt Collection Practices Act ("FDCPA"). Both statutes only provide for statutory damages up to $1,000, making the amount in controversy in this case extremely low.

4. The FDCPA and Rosenthal Act contain fee-shifting provisions, which provide for the recovery of attorney fees to Plaintiff if she ultimately prevails against Defendant, and to Defendant if it is shown that the action was not brought in good faith. (15 USC § 1692k (a)(3); *Cal. Civil Code* § 1788.30(c)).

5. Defendant in this matter is located in Hayward, California, which is located nearly 500 miles from San Diego, California; farther than many out-of-state locations.

6. Traveling a distance of 500 miles incurs travel expenses of a flight, transportation to and from the airport, meals in San Diego, overnight lodging, and the loss that occurs when an employee must set aside two days and cancel other important

{00053099;1}  2

company business. This is excessive in light of the very small amount in controversy at hand in this case.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this Declaration was signed on August 10, 2016 at Los Angeles, California.

Dated: August 10, 2016

CARLSON & MESSER LLP

By: _____
J. Grace Felipe
Shawn Eldridge
Attorneys for Defendant,
COLLECTION BUREAU OF AMERICA